IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

M.S., individually and
M.S., as next friend of
the minor child, S.M.,

    Plaintiff,

v.                                    Civil Action No. 5:19CV224
                                                  (STAMP)

JONATHAN MURRAY a/k/a JON MURRAY,
MURRAY ENERGY CORPORATION and
MURRAY AMERICAN RIVER TOWING, INC.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND,
DENYING REQUEST FOR COSTS AND EXPENSES,
DENYING MOTION TO STRIKE AND
MOTION TO DISMISS WITHOUT PREJUDICE</u>**

I.  <u>Procedural History</u>

The plaintiff in this civil action, M.S., individually, and as next friend of the minor child, S.M., filed a complaint (ECF No. 1-1) against defendants Jonathan Murray (hereinafter "Murray"), Murray Energy Corporation (hereinafter "MEC"), and Murray American River Towing (hereinafter "MART") in the Circuit Court of Ohio County, West Virginia on July 22, 2019. ECF No. 1-1. That same day, the defendants removed this civil action to this Court. ECF No. 1. Prior to the filing of the plaintiff's complaint, defendant Murray filed a complaint against the plaintiff in the Northern District of West Virginia on July 19, 2019 in a case captioned as <u>Murray v. Saville</u>, Civil Action No. 5:19CV222.

## II. <u>Background</u>

The plaintiff alleges the following claims: intentional infliction of emotional distress due to sexual harassment (Count I); sexual battery of a minor child (Count II); sexual assault of a minor child (Count III); false imprisonment (Count IV); sexual assault in the first degree, in violation of W. Va. Code § 61-8b-3 (Count V); sexual assault in the second degree, in violation of W. Va. Code § 61-8b-4 (Count VI); sexual assault in the third degree, in violation of W. Va. Code § 61-8b-5 (Count VII); sexual abuse in the first degree, in violation of W. Va. Code § 61-8b-7 (VIII); sexual abuse in the third degree, in violation of W. Va. Code § 61-8b-9 (Count IX); sexual abuse by a parent, guardian, or custodian or person in position of trust to a child, in violation of W. Va. Code § 61-8D-5 (Count X); incest, in violation of W. Va. Code § 61-8-12 (Count XI); respondeat superior liability against defendants MEC and MART (Count XII); negligence against defendants MEC and MART (Count XIII); negligent retention, hiring and supervision against MEC and MART (Count XIV); loss of filial consortium against all defendants (Count XV); loss of parental consortium against all defendants (Count XVI); strict liability for violation of West Virginia statutes against all defendants (Count XVII); punitive damages against defendant Murray (Count XVIII); and punitive damages against MEC and MART (Count XIX). <u>Id.</u> at 9-22.

In defendant Murray's notice of removal, defendant Murray asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]  ECF No. 1 at 2.

Plaintiff M.S. then filed a motion to remand and a memorandum in support, in which she asserts that complete diversity does not exist in this case.  ECF No. 18-1.  Specifically, plaintiff M.S. states that defendant Murray was and is still domiciled in West Virginia since he resides in West Virginia.  Id. at 7-12.  Plaintiff M.S. references: (1) defendant Murray's social media profiles that stated his past residences (see ECF Nos. 18-11 and 18-12); (2) defendant Murray's statements in an earlier case; (3) defendant Murray's failure to update his residence with the family court; (4) defendant Murray's ownership of real property in West Virginia and lack of ownership of real property in Ohio; and (5) defendant Murray's failure to change the title or registration of any of his motor vehicles.  Id. at 5, 10-14.  Plaintiff M.S. states that although defendant Murray may provide a new address in Ohio to demonstrate that he has established a physical presence in Ohio, he does not possess the requisite intent, as evidenced by his actions, to be considered domiciled in Ohio.  Id. at 12-14.  Plaintiff M.S.

---

[1]Defendants MEC and MART later filed a notice of consent for removal.  ECF No. 10.

also attaches an affidavit from one of defendant Murray's neighbors in West Virginia stating that she has seen him "coming and going from his home as recently as around July, 25, 2019." ECF No. 18-10. Lastly, plaintiff M.S. contends that defendant Murray does not have an objectively reasonable basis for removal and therefore, the Court should award the plaintiff reasonable attorney's fees and costs. Id. at 15.

Defendants MEC and MART then filed a joint response in opposition to the plaintiff's motion to remand. ECF No. 24. Defendants MEC and MART first assert that defendant Murray's motive for his change in domicile is irrelevant and that generally, a party may change citizenship or domicile for the sole purpose of bringing an action in federal court on the basis of diversity of citizenship, provided that the change is real and the party has a bona fide intention of becoming a citizen of the State. Id. at 4-5. Defendants MEC and MART state that: (1) defendant Murray's home is in Ohio; (2) defendant Murray has an Ohio driver's license; (3) defendant Murray works in Ohio; (4) defendant Murray's parents reside in Ohio; (5) defendant Murray has done his banking in Ohio since 2001; (6) before the instant complaint was filed, defendant Murray moved his mailing address to Ohio; (7) defendant Murray attends church in Ohio; (8) defendant Murray has been a member of the Hazen Masonic Lodge in Ohio for 25 years and a member of the Boy Scout Troops in Ohio since 2013; and (9) defendant Murray has

had Columbus Blue Jackets season tickets for the last five seasons. Id. at 6. Defendants MEC and MART assert that the following are irrelevant factors for domicile: (1) outdated social media; (2) prior, outdated litigation materials; and (3) ownership of real property. Id. at 6-9.

Defendant Murray also filed a response in opposition to the plaintiff's motion to remand. ECF No. 25. Defendant Murray first states that he is domiciled in Ohio and intends to remain domiciled in Ohio. Id. at 2-8. Moreover, defendant Murray states, among other things, that: (1) as a resident of Ohio, he previously filed a complaint against the plaintiff; (2) he could not transfer his vehicles to Ohio until he received copies of the titles from the banks; (3) he possessed an Ohio driver's license before the filing of this instant civil action; (4) he rents a cottage in Ohio; (5) he entered into a contract to purchase real property in Ohio; and (6) he has been attempting to sell his residence in West Virginia. Id. at 8-10. Defendant Murray further notes that while the plaintiff's affidavit (ECF No. 18-10) indicates that he went to his West Virginia residence, it does not contain evidence that he spent the night at his West Virginia residence. Id. at 10. Defendant Murray also attaches affidavits from neighbors in Ohio who state that Murray lives in a cottage in Bethesda, Ohio and that, as far as they know, Murray has spent every night in that cottage since mid-July 2019. Id. Defendant Murray next states that he did not

have the responsibility to update his address with the family court since he does not have jurisdiction over his children. Id. at 10-11. Lastly, defendant Murray states that payment of attorney's fees are not warranted since he is domiciled in Ohio and has no intent to return to West Virginia. Id. at 11-12.

Plaintiff M.S. then filed an omnibus reply. ECF No. 28. Plaintiff M.S. first states that the defendants have not offered this Court sufficient evidence that demonstrates defendant Murray's intent to be domiciled in Ohio. Id. at 6. The plaintiff states that defendant Murray allegedly leased an apartment and procured a motor vehicle operator's license at the time of the complaint, remaining in close proximity to his former home. Id. at 7. The plaintiff asserts that, at best, defendant Murray's actions show a definite and sincere intention to make a place one's home at some time in the future, which is not enough to make that place his present domicile. Id. at 8. Lastly, plaintiff M.S. asserts that defendant Murray's motive for moving is only irrelevant if a bona fide establishment of a new domicile is proven, and that he has not demonstrated such a bona fide establishment. Id. at 9. The plaintiff specifically contends that defendant Murray moved to Ohio only to establish federal jurisdiction. Id.

Now before this Court is the plaintiff's fully briefed motion to remand. For the reasons set forth below, the plaintiff's motion to remand (ECF No. 18) is GRANTED.

6

III. Discussion

There is no dispute as to the amount in controversy. The only issue in dispute is whether the defendants have met their burden in establishing the diversity of citizenship requirement under 28 U.S.C. § 1332(a).

The analysis properly begins with the principle that the burden of establishing that the requirements of removal is on the removing party. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) ("If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding." (citations omitted)); In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."); 7 Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 3739 ("It is also well settled under the case law that the burden is on the party seeking to preserve the district court's jurisdiction, typically the defendant, to show the requirements for removal have been met."). Importantly, the removing party has the burden of establishing the jurisdictional facts by a preponderance

7

of the evidence.  See Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013); Crocker v. Brown, Civil Action No. 1:16CV5, 2016 WL 1353972, *1 (W.D. N.C. Apr. 5, 2016); BRAVO! Facility Service, Inc. v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc., 256 F. Supp. 3d 653, 658, n.658 (E.D. Va. 2017).

Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, [this Court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151 (citations omitted); Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005) ("We have noted our obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated by it." (internal quotation marks omitted)).

Next, a brief statement of the law relative to diversity jurisdiction is in order. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Thus, the defendants must show that there is an independent source providing original federal subject matter jurisdiction in order for removal to be proper. See generally 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721.  In this respect, the defendants assert that the

diversity statute, 28 U.S.C. § 1332, provides federal subject matter jurisdiction over this case.

In order to satisfy the requirements of the diversity statute, the defendants must show: (1) that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, see § 1332(a), and (2) "complete" diversity between the parties, see Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978).

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998) (internal citation omitted). Domicile is "the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined. In its nature it is one; and if in any case two are recognized for different purposes, it is a doubtful anomaly." Williamson v. Ostenson, 232 U.S. 619, 625 (1914). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Mississippi Board of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). "Mere absence from a fixed home, however long continued," does not mean that a certain domicile is destroyed. Mitchell v. United States, 88 U.S. 350, 353

9

(1874). The following factors should be taken into account when determining domicile:

> current residence, voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others.

13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 3612 (2d ed. 1984). "No single factor is conclusive." Id.; see also Scott v. Cricket Communications, LLC, 865 F.3d 189, 195 (4th Cir. 2017).

Importantly, "statements of intent are entitled little weight when in conflict with facts." Hendry v. Masonite Corp., 455 F.2d 955, 956 (4th Cir. 1972). While "[w]ords may be evidence of a man's intention to establish his domicile at a particular place of residence, [ ] they cannot supply the fact of his domicile there . . . [T]he actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile." Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). See also 13E Wright, Miller, & Cooper, Federal Practice and Procedure § 3612 (3d ed. 2009) ("A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism . . . [T]hey are accorded little

weight by the district judge when they are in conflict with the facts or a party's actual conduct.").

Moreover, "a long line of authority supports the proposition that when diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." 14B Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction, § 3723 (3d ed. 2003). So, if defendant Murray changed his citizenship after the filing of the plaintiff's complaint in State court, removal would be improper.

In reaching its conclusion, the Court limits its review to a consideration of the facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Philips v. Union Labor Life Ins. Co., Civil Action No. 5:09CV115, 2010 WL 2472496, at *1 (N.D. W. Va. June 16, 2010) ("[T]he court is limited to examining only evidence that was available at the moment the petition for removal was filed.").

11

Specifically, although the parties disagree as to whether defendant Murray took certain actions in order to establish diversity jurisdiction, in reaching its decision, this Court assumes without deciding that the actions taken by defendant Murray were not for the sole purpose of establishing diversity jurisdiction.

The evidence here supports a finding that defendant Murray is a West Virginia citizen. The Court will address each factor in turn.

First, this Court finds that defendant Murray has continuously lived in West Virginia since at least around 2005 when he moved into his home in Wheeling, West Virginia. See ECF No. 18-7 (attached deed that indicates that defendant Murray has owned the property since August 11, 2005); ECF No. 18-9 (attached deed of trust that is dated February 7, 2019); ECF No. 18-10 (attached affidavit of defendant Murray's neighbor in West Virginia who states that she saw him "coming and going from his home as recently as around July 25, 2019"); ECF No. 28-2 (attached pictures of the West Virginia property on a real estate website that displays what seems to be personal belongings); ECF No. 16-5 (attached deposition transcript where defendant Murray states that West Virginia is his residence on December 4, 2018); ECF Nos. 11 and 12 (attached social

12

media accounts that indicate that defendant Murray's residence is in West Virginia).[2]

Although defendant Murray states that the last night he has slept in West Virginia is July 16, 2019, that fact is mainly supported by his own affidavit. See ECF No. 25-1 at 5. The other two affidavits only provide general statements that "as far as [the affiants] know, [defendant] Murray has spent the night [at the Ohio cottage] every night since mid-July 2019." See ECF Nos. 25-2 and 25-3. As previously mentioned, "[a] party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism." 13E Wright, Miller, & Cooper, Federal Practice and Procedure § 3612 (3d ed. 2009). As mentioned above, although he has a cottage in Ohio, that fact is not sufficient to demonstrate a change in domicile. As stated above, mere absence from a fixed home, even for an extended period of time, is insufficient to show a change in domicile.

Moreover, the decision of whether to remand this civil action hinges on the specificity of dates provided in the evidence. Although defendant Murray indicates that he entered into a contract to purchase real property, the only evidence he provides is the

---

[2]This Court does not find the social media accounts to be particularly persuasive in demonstrating defendant Murray's domicile.

statements made in his own affidavit, and he does not provide a date of when he entered into that sales contract. Similarly, although defendant Murray states that he will possess new real estate, defendant Murray indicates that he will possess such real estate on September 17, 2019, which is a date after the initial complaint was filed and after the date this civil action was removed. See ECF No. 25-1 at 1. Moreover, defendant Murray states that he is attempting to sell his residence; however, the defendant fails to provide a date of when he placed the house on the market. See ECF No. 25-1 ("[Defendant Murray's] former residence . . . has been placed with a realtor and is currently listed for sale."). Defendant Murray also states that he hired a company to retrieve his belongings from his West Virginia home, indicating that such actions would be taken in the future. This information further undermines his position that he was not domiciled in West Virginia at the time the complaint was filed and this civil action was removed. See ECF No. 25-1 at 2.

Second, although defendant Murray indicates that he has primarily done his banking in Ohio since 2001, this information is only supported by his affidavit, without attaching any sort of bank statements, or other supporting evidence. See ECF No. 25-1 at 2.

Third, although the defendant states that he is a member of the Hazen Masonic Lodge for about 25 years and Scouting Boy Scouts of America, Pack 212, from approximately 2013 through 2017, and

14

Scouting Boy Scouts of America, Troop 212, from approximately 2017, this information again is only supported by his own affidavit, and will be given little weight in the Court's decision to remand this civil action. See ECF No. 25-1 at 3.

Fourth, although defendant Murray indicates in his affidavit that he has been attending Bethesda United Methodist Church in Ohio "on and off his entire life," it seems that such a factor cannot be attributed significant weight in the analysis. Again, this information is supported by only his own affidavit. Moreover, it is difficult to determine how long his "off" periods were for purposes of establishing domicile for federal diversity jurisdiction.

Fifth, although defendant Murray states that he works in Ohio, this information does not establish a change in his domicile. Again, this information is only supported by his own affidavit. Moreover, this Wheeling point of holding Court in the Northern District is located in an area where it is far from uncommon for one to be domiciled in a certain State for purposes of diversity jurisdiction, while at the same time to conduct other affairs in adjacent States. Indeed, presumably defendant Murray was also working in Ohio at the time he was sleeping in his Wheeling, West Virginia residence. Therefore, although this factor may weigh in favor of denying the motion to remand, it does not carry significant weight in the Court's analysis. While the geography of

15

West Virginia, particularly the "Northern Panhandle" of the State, is well known to the parties and counsel in this civil action, as it applies to the adjacent portions of Ohio and Pennsylvania, it may be helpful for others to understand this location as it applies in this civil action in determining diversity of citizenship. Therefore, as noted above, it is not uncommon for one domiciled in, for example, Wheeling, West Virginia, to work, attend church, belong to clubs, or have other contacts in Ohio, and still be domiciled in West Virginia for purposes of federal diversity jurisdiction.

Sixth, this Court notes that defendant Murray possesses an Ohio driver's license. The plaintiff seems to admit that defendant Murray has had this license since on or about the time the complaint was filed. See ECF No. 28 at 7; ECF No. 18-5. However, even if the Court assumes that the defendant acquired the driver's license with a genuine intent to change his domicile from West Virginia to Ohio, this factor is not dispositive in the Court's determination. See Vandevander v. Jimenez, Civil Action No. 3:11CV85, 2011 WL 13240040, *4 (N.D. W. Va. Dec. 5, 2011).

Seventh, it appears that defendant Murray's vehicles are titled and registered in West Virginia. See ECF No. 18-6 (attached screenshot of Ohio Bureau of Motor Vehicles' official online renewal site). Although defendant Murray states that he intends to change the titles and registrations to Ohio, and that he has been

16

waiting to receive copies of the titles from certain banks, his intentions are not sufficient on their own to establish a change in domicile in light of the totality of facts. Again, this Court stresses the importance of the time defendant Murray took certain actions in determining whether to remand this civil action.

Eighth, plaintiff M.S. attached a copy of defendant Murray's tax record from the Ohio County Assessor's website for the tax year 2019. ECF No. 18-8. Defendant Murray has indicated that his employers have withheld taxes for the State of Ohio since mid-July 2019 in his affidavit. ECF No. 25-1 at 2. Again, defendant Murray's own statement will be given due weight in light of the totality of facts.

In conducting its analysis, this Court notes that many of defendant Murray's actions have yet to be completed (i.e. selling his real property in West Virginia, obtaining possession of a home in Ohio, transferring his vehicle titles and registration, transferring his personal belongings). Specifically, defendant Murray's own statements that he is domiciled in Ohio are undermined by the facts presented; as such, these statements will be accorded little weight by this Court.

Accordingly, this Court finds that defendant Murray's domicile, at least at the time of the removal to federal court and at the time of the filing of the initial complaint, was West Virginia.

Importantly, even if this Court were not able to determine the defendant's domicile, federal jurisdiction in this proceeding would be doubtful, thereby requiring a remand to State court.

Lastly, this Court denies the plaintiff's request for costs and expenses, including attorney's fees, because the defendants have provided a colorable claim for removal on the basis of subject matter jurisdiction. See Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

IV. Conclusion

For the reasons set forth above, plaintiff M.S.'s motion to remand (ECF No. 18) is GRANTED. Accordingly, it is ORDERED this civil action is remanded to the Circuit Court of Ohio County, West Virginia. Accordingly, defendant Jonathan Murray's motion to strike (ECF No. 4) and defendants Murray Energy Corporation and Murray American River Towing, Inc.'s motion to dismiss (ECF No. 6) are DENIED WITHOUT PREJUDICE so as to permit the State court to consider them if deemed appropriate. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    September 23, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE